UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
ALBINO EDUARDO A.,

                       Plaintiff,           DECISION AND ORDER
                                          1:21-cv-01223-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
--------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In April of 2019, Plaintiff Albino Eduardo A.[1] applied for Disability

Insurance Benefits and Supplemental Security Income Benefits under the

Social Security Act. The Commissioner of Social Security denied the

applications.  Plaintiff, represented by the Law Office of Charles E. Binder

and Harry J. Binder, LLP, Charles E. Binder, Esq., of counsel, commenced

this action seeking judicial review of the Commissioner's denial of benefits

under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the

jurisdiction of a United States Magistrate Judge. (Docket No. 10).

This case was referred to the undersigned on April 21, 2026.

Presently pending are the parties' competing requests for judgment on the

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's request is due to be denied, the Commissioner's request is granted, and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on April 5, 2019, alleging disability beginning March 15, 2015. (T at 111-12, 415-27).[2]  Plaintiff's applications were denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on May 13, 2020, before ALJ Mark Soloman. On August 31, 2020, ALJ Solomon issued a decision denying the applications for benefits. (T at 152-73).  The Appeals Council denied review on December 16, 2020. (T at 174-79).

Plaintiff filed an action in the United States District Court for the Southern District of New York seeking judicial review.  On August 9, 2021, the Honorable Stewart D. Arron, United States Magistrate Judge, approved a stipulated order remanding the matter for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405 (g). (T at 180-81).

A second hearing was held before ALJ Solomon on December 23, 2022. (T at 32-54).  Plaintiff appeared with an attorney and testified. (T at

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 18.

38-47).  The ALJ also received testimony from Victor Alberigi, a vocational expert. (T at 48-53).

### B.    ALJ's Decision

On June 12, 2023, the ALJ issued a decision denying the applications for benefits. (T at 8-31).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since March 15, 2015 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2019 (the date last insured). (T at 14).

The ALJ concluded that Plaintiff's post-traumatic stress disorder ("PTSD"), major depressive disorder, and history of bronchitis were severe impairments as defined under the Act. (T at 14).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 15).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: he must avoid exposure to weather extremities, working at unprotected heights, and operating hazardous machinery; he can understand, remember, and carry out simple instructions; can use

judgment to make simple work-related decisions; can adapt to routine and occasional changes in the workplace; and can have occasional interactions with supervisors and coworkers, but no interactions with the public. (T at 16).

The ALJ concluded that Plaintiff could not perform his past relevant work as a merchandise displayer or salesclerk. (T at 22).

However, considering Plaintiff's age (43 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 22).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between March 15, 2015 (the alleged onset date) and June 12, 2023 (the date of the ALJ's decision). (T at 23-24).  On March 14, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's second decision the Commissioner's final decision. (T at 1-7).

### C.   Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on February 11, 2021. (Docket No. 1). As noted above, a stipulated sentence six remand was ordered on August 9, 2021. (Docket No. 14).  This case remained open pending completion of the additional administrative proceedings.

On October 7, 2025, Plaintiff filed a brief requesting judgment on the pleadings. (Docket No. 22).  The Commissioner interposed a brief in opposition to Plaintiff's request and in support of a competing request for judgment on the pleadings on January 12, 2026. (Docket No. 25).  On January 21, 2026, Plaintiff submitted a reply brief in further support of his request. (Docket No. 26).

## II.  APPLICABLE LAW

### A.   Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.   DISCUSSION

Plaintiff raises three main arguments in support of his request for reversal of the ALJ's decision.  First, he argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination.  Second, Plaintiff challenges the ALJ's consideration of his subjective complaints.  Third, Plaintiff contends that a remand is required for consideration of additional evidence.  The Court will address each argument in turn.

### A.    Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social

Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence

from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

The record contains numerous medical opinions regarding Plaintiff's mental functioning.

Dr. Lawrence Bryskin, a treating psychiatrist, wrote a letter in April of 2018, in which he diagnosed PTSD and noted symptoms of dissociative episodes, flashbacks, nightmares, avoidance, depression, anxiety, hypervigilance, and suicide attempts. (T at 591). Dr. Bryskin opined that Plaintiff was unable to return to work. (T at 592).

In May of 2019, Dr. Jessica Daniels, a psychiatrist, completed a psychiatric/psychological impairment questionnaire. Dr. Daniels explained that Plaintiff had been treating with her colleague, Dr. Geeta Devi Ganda,

10

since March of 2017. (T at 627). Dr. Daniels based her assessment of Plaintiff's functioning on her review of Dr. Ganda's treatment notes and her examination of Plaintiff, which was conducted the same day she completed her assessment. (T at 627).

Dr. Daniels diagnosed major depressive disorder (recurrent, moderate), amphetamine use disorder, and chronic PTSD. (T at 627). Dr. Daniels assessed moderate impairment in Plaintiff's understanding and memory; moderate to marked limitation with respect to concentration and persistence; moderate to marked impairment in social interaction; and moderate to marked limitation with respect to adaptation. (T at 630).

Dr. Daniels opined that Plaintiff had marked impairment in his ability to complete a workday without interruptions from psychological symptoms and believed Plaintiff would be absent from work because of his impairments and/or treatment more than three times per month. (T at 630-31).

Dr. John Laurence Miller, a consultative examiner, completed a psychiatric evaluation in June of 2019. Dr. Miller diagnosed major depressive disorder (recurrent, unspecified with psychotic features), PTSD, and psychostimulant use disorder. (T at 678).

11

Dr. Miller assessed moderate impairment in Plaintiff's ability to maintain personal hygiene and appropriate attire; regulate emotions; control behavior; maintain wellbeing; interact adequately with supervisors, coworkers, and the public; sustain concentration and perform a task at a consistent pace; and understand, remember, or apply complex directions or instructions. (T at 678). Dr. Miller found mild limitation in Plaintiff's ability to understand, remember, or apply simple directions and instructions. (T at 678).

Dr. Miller assessed no limitation in Plaintiff's ability to use reason and judgment to make work-related decisions, sustain an ordinary routine and regular attendance at work, and be aware of normal hazards and take appropriate precautions. (T at 678).

Dr. Ganda completed a mental impairment questionnaire in June of 2020.  She had been treating Plaintiff monthly since March of 2017. (T at 1226).  Dr. Ganda opined that Plaintiff had moderate to marked impairment with respect to understanding and memory; sustaining concentration and persistence; interacting with others; and adapting. (T at 1229).  She believed Plaintiff would be absent from work more than three times per month due to his impairments or treatment. (T at 1230).

12

In November of 2020, Dr. Uri Krakauer and Dr. James Ellis, examining psychologists, completed a psychiatric/psychological impairment questionnaire.  They assessed moderate-to-marked limitation in Plaintiff's ability to meet the mental demands of basic work activity. (T at 1245).  Dr. Krakauer and Dr. Ellis opined that Plaintiff would be absent from work more than three times per month due to his impairments or treatment. (T at 1246).

The ALJ did not find any of the treating or examining medical opinions fully persuasive and concluded that Plaintiff retained the RFC to meet the mental demands of a reduced range of unskilled work. (T at 19-22).

For the following reasons, the Court finds that the ALJ's determination must be sustained under the deferential standard of review applicable here. Here's why.

First, the ALJ relied on a reasonable reading of the treatment record. Plaintiff stopped working because his employer went out of business. (T at 15, 19-21, 1486).  Although Plaintiff consistently reported symptoms of depression and anxiety, the mental status examinations yielded generally unremarkable clinical findings, including intact memory, insight and judgment, and appropriate affect. (T at 18, 738, 1210, 1727-1878).

13

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a decision to discount marked or extreme limitations. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

Second, the ALJ gave appropriate consideration to Plaintiff's activities, which included international travel to visit family (T at 860); giving a workshop in hopes of earning income (T at 962, 1098, 1127, 1135, 1154, 1177); working part-time (T at 919, 970, 1001, 1052); entering art competitions/contests and selling artwork (T at 689, 1061); and attending a concert. (T at 870).

14

While ALJs must not overinterpret a claimant's ability to perform limited activities of daily living, an ALJ may discount an assessment of marked impairment where, as here, the claimant's activities could reasonably be considered inconsistent with that level of impairment. *See Riaz v. Comm'r of Soc. Sec.*, No. 20CIV8418JPCSLC, 2022 WL 6564018, at *15 (S.D.N.Y. Aug. 5, 2022)(collecting cases), *report and recommendation adopted*, No. 20CIV8418JPCSLC, 2022 WL 4482297 (S.D.N.Y. Sept. 27, 2022); *see also Teresa G. v. Comm'r of Soc. Sec.*, No. 20-CV-0816-MJR, 2021 WL 1559177, at *6 (W.D.N.Y. Apr. 21, 2021) (holding that ALJ reasonably considered "plaintiff's ability to do routine activities, work part-time, and record evidence of normal examination findings" in finding she could perform her past relevant light work).

Third, the ALJ's decision is supported by other medical opinion evidence of record.

Dr. O. Fassler, a non-examining State Agency review physician, opined that Plaintiff had mild limitation in understanding, remembering, or applying information; moderate limitation in interacting with others; moderate impairment with respect to concentrating, persisting, or maintaining pace; and a moderate limitation in adapting or managing

himself. (T at 86, 88-89).  Dr. Fassler believed Plaintiff could perform unskilled work on a sustained basis. (T at 105).

Dr. M. Juriga, another non-examining State Agency review physician, concluded that Plaintiff had moderate limitation in understanding, remembering, or applying information; moderate limitation in interacting with others; moderate impairment in concentrating, persisting, or maintaining pace; and mild limitation in adapting or managing himself.  (T at 124-26).  Dr. Juriga opined that Plaintiff could meet the basic mental demands of simple, unskilled work. (T at 142).

These assessments support the ALJ's decision to discount the more restrictive aspects of the treating and examining physicians' opinions. See *Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'")(quoting *Leach ex rel. Murray v. Barnhart*, No. 02 Civ.3561 RWS, 2004 WL 99935, at *9 (S.D.N.Y. Jan. 22, 2004)).

Plaintiff challenges the State Agency review opinions, considering them stale because they were rendered in 2019, several years before the ALJ's decision.  The mere passage of time, however, without evidence of a

16

material change in the claimant's condition, is insufficient to render an opinion stale. *See Calicchio v. Commissioner of Soc. Sec. Admin.*, No. 24-CV-01065 (NCM), 2025 WL 1489763, at *9 (E.D.N.Y. May 23, 2025)(citing *Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2016) (finding "no case or regulation [that] imposes an unqualified rule that a medical opinion is superseded by additional material in the record"), *Giron v. Kijakazi*, 22-cv-06226, 2023 WL 6121764, at *11 (S.D.N.Y. Sept. 19, 2023) ("[A] medical opinion does not become stale when new material is added to the record unless the additional material raises doubts as to the reliability of the opinion."); *see also Carthron-Kelly v. Comm'r of Soc. Sec.*, No. 15-cv-00242, 2017 WL 9538379, at *4 (N.D.N.Y. Sep. 25, 2017) ("[T]he addition of subsequent medical records does not automatically render a prior opinion insufficient.").

Moreover, while the ALJ did not find Dr. Miller's consultative assessment persuasive (noting significant discrepancies between the record and what Plaintiff told Dr. Miller about his functioning) (T at 20), Dr. Miller's findings are generally consistent with the RFC determination. Dr. Miller found no limitation in Plaintiff's ability to use reason and judgment to make work-related decisions, sustain an ordinary routine and regular

attendance at work, and be aware of normal hazards and take appropriate precautions. (T at 678).

Lastly, this is not a case in which the ALJ disregarded evidence of limitation in the claimant's mental functioning.  Rather, the ALJ restricted Plaintiff to unskilled work requiring no more than occasional interaction with supervisors and co-workers and no contact with the public. (T at 16).

This adequately accounts for the evidence of impairment in Plaintiff's ability to meet the mental demands of basic work activity. *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Martinez v. Comm'r of Soc. Sec.*, No. 13-CIV-159-KMK-JCM, 2016 WL 6885181, at *14 (S.D.N.Y. Oct. 5, 2016), *report and recommendation adopted*, 2016 WL 6884905 (S.D.N.Y. Nov. 21, 2016)("[S]uch limitations in concentration, dealing with stress, and socialization have been found to be consistent with an RFC for unskilled work."); *Lee W. v. Comm'r of Soc. Sec.*, No. 1:20-CV-008-DB, 2021 WL 1600294 at *6 (W.D.N.Y. Apr. 23, 2021) ("As such, unskilled work, by definition, already accounts for limitations in mental functioning, including limitations interacting with others and learning new tasks.").

18

Plaintiff offers an alternative reading of the record and a different weighing of the competing medical opinions.  However, for the reasons discussed above, the Court finds the ALJ's decision is supported by substantial evidence and it must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

B.    *Subjective Complaints*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929. However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606

19

F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's subjective complaints.

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No.

13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.  This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

Here, Plaintiff testified as follows: He last worked in 2014 (T at 39). He is depressed and fearful of leaving home. (T at 39, 40, 45). He has anxiety attacks several times per month and lacks motivation. (T at 40-41). Anxiety attacks last approximately 20-25 minutes when he is in public (T at 41, 46).

He has suicidal ideation. (T at 47). A friend or neighbor accompanies him shopping and he cannot use public transportation alone. (T at 40, 42). He leaves his room once a week on average (T at 47). He tries to do laundry and artwork but struggles to concentrate and spends most days sleeping. (T at 40, 42, 45).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that Plaintiff's statements as to the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the record. (T at 17).

The Court finds the ALJ's assessment of Plaintiff's subjective complaints supported by substantial evidence.  As set forth above, the ALJ's conclusion that Plaintiff retained the RFC to perform a reduced range of unskilled work involving no more than occasional interaction with supervisors and co-workers and no contact with the public is supported by

22

a reasonable reading of the record, appropriate consideration of Plaintiff's activities, and a sufficient resolution of conflicting medical opinions. *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability …").

While Plaintiff has experienced significant challenges and presents a sympathetic case, as noted above, the ALJ did not disregard the evidence of impairment, but instead reasonably reconciled the evidence and found Plaintiff capable of a reduced range of work.  Therefore, under the highly deferential legal standard applicable here, the ALJ's decision is due to be affirmed.  *See Vincent v. Shalala*, 830 F. Supp. 126, 129 (N.D.N.Y. 1993)(recognizing that "the temptation to blur the distinction between individual need and statutory eligibility is strong; but our authority as judges often fails to match our sympathy for our fellow human beings")(quoting

*Singletary v. Sec'y of Health & Human Services*, 623 F.2d 217, 220 (2d Cir.1980) (Meskill, J., dissenting)).

### C.    Additional Evidence

After the ALJ's decision, Plaintiff obtained an additional consultative evaluation from Dr. Jennifer Blitz, who assessed mild impairment in Plaintiff's ability to understand, remember, or apply information; marked limitation with respect to social interaction; marked impairment in concentrating, persisting, or maintaining pace; and marked limitation in adapting or managing himself. (T at 65-66).

Plaintiff submitted this evaluation to the Appeals Council, which declined to consider it. (T at 1-2).  Plaintiff argues that a remand is required for consideration of Dr. Blitz's opinion.

The Appeals Council is required to grant review based on additional evidence if, *inter alia*, the evidence is new and material, there is a reasonable probability that it would change the outcome of the decision, and the claimant shows good cause for not submitting, or informing the agency about, the evidence before the ALJ issued a decision. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).

Where, as here, a claimant argues that the Appeals Council erred by failing to grant review based on additional evidence, the question for the

24

Court is whether substantial evidence supports the ALJ's decision, even considering the additional evidence. *See Perez v. Chater*, 77 F. 3d 41, 46 (2d Cir. 1996)( "When the Appeals Council denies review after considering new evidence, we simply review the entire administrative record, which includes the new evidence, and determine, as in every case, whether there is substantial evidence to support the decision of the Secretary").

Here, Dr. Blitz's opinion is duplicative of several of the other opinions of record.  For the reasons discussed above, her extreme assessment is not consistent with the ALJ's reasonable reading of the record, appropriate consideration of Plaintiff's activities, and sufficient resolution of conflicting medical opinions.  A remand is, therefore, not required. *See Blanford v. Dudek*, No. 24-2097-CV, 2025 WL 1288082, at *4 (2d Cir. May 5, 2025)("Where, as here, 'excluded evidence is essentially duplicative of evidence considered by the ALJ,' remand is not required.")(citations omitted); *see also Heather V. v. Comm'r of Soc. Sec.*, No. 20-CV-01870-FPG, 2023 WL 2607301, at *4 (W.D.N.Y. Mar. 23, 2023)("Still, even when the Appeals Council errs in failing to consider newly submitted evidence, remand is not required where the new evidence would not have resulted in a different outcome, such as where the evidence is merely cumulative or duplicative of evidence that the ALJ already considered.")(citing *Ramsey v.*

*Comm'r of Soc. Sec.*, 830 F. App'x 37, 40 (2d Cir. 2020); *Tricarico v. Colvin*, 681 F. App'x 98, 102 (2d Cir. 2017)).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's request for judgment on the pleadings is DENIED; the Commissioner's request for judgment on the pleadings is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: April 27, 2026

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge